The plaintiffs are minority stockholders in the Rutland Railroad Company. The New York Central and Hudson River Railroad Company owned 66,981 shares in the same corporation, constituting a majority of the capital stock. It sold and transferred 23,033½ shares, being one-half of a controlling interest, to the New York, New Haven and Hartford Railroad Company for about $105 a share; and in November, 1911, it agreed to sell to the New Haven 23,033½ shares more. The complaint attacks this sale and proposed sale as illegal on the ground that they are in furtherance of a conspiracy in *Page 360 
restraint of trade in violation of the act of Congress known as the Sherman Act (Approved July 2, 1890), and prays that the Rutland Railroad Company be enjoined from registering any transfer of stock from the Central to the New Haven, and that the New Haven be restrained from receiving from the Central any Rutland stock or voting thereon, and that the Central be prohibited from transferring any such stock to the New Haven.
The question is whether a private person, suing as a dissenting minority stockholder, may so restrain the acts of majority stockholders. (Wilder Mfg. Co. v. Corn Products R. Co.,236 U.S. 165, 174, 175; De Koven v. Lake Shore M.S. Ry. Co.,
216 Fed. Rep. 955, 957.) The sufficiency of the complaint was considered by the Appellate Division on an appeal from an order continuing a preliminary injunction, and it was there held that the plaintiffs had no cause of action, LAUGHLIN and MILLER, JJ, dissenting. The judgment which now comes up for review was affirmed upon the opinion then delivered by INGRAHAM, P.J. (154 App. Div. 8), LAUGHLIN, J., dissenting on his former dissenting opinion (157 App. Div. 916).
The motion to dismiss the appeal is made on the ground that the question of illegal combination raised in the complaint has been disposed of by a decree entered in the United States District Court for the Southern District of New York on October 17, 1914, in a suit in equity in which the United States of America was petitioner and the New York, New Haven and Hartford Railroad Company, the New York Central and Hudson River Railroad Company and the Rutland Railroad Company and others were defendants. The purpose of the suit was to dissolve the combination of railroad, steamboat and trolley lines which it was alleged existed under the control of the New Haven Company in violation of the Sherman Act of July 2, 1890. The petition sets forth in detail, among other alleged acts of illegal combination, the foregoing *Page 361 
transaction, and the answer of the New Haven Company admits the transaction but denies its illegality. The prayer for relief is, in part, as follows:
"That the purchase by the New Haven Company from the New York Central of 23,520½ shares of stock in the Rutland Railroad Company and the agreement to purchase a like additional amount be declared illegal, and that the New Haven Company and the Navigation Company be perpetually enjoined from further holding this stock in the Rutland Railroad Company and compelled to sell the same under the supervision and direction of the Court to persons not their stockholders, or agents, or otherwise under their control or influence."
The jurisdiction conferred by the Sherman Act on the courts of the United States is "for the purpose of making the relief to be afforded by a finding of illegal existence as broad as would be the necessities resulting from such finding." (WHITE, Ch. J., inWilder Mfg. Co. v. Corn Products R. Co., supra.)
By the decree the control of the Boston and Maine is divested from the New Haven Company, and the latter is restrained from combining with the New York Central in the control of the Boston and Albany, but the Rutland stock is not mentioned. The decree provides that "except when further orders are contemplated by it or may be necessary to carry it into effect, this decree is made the final and conclusive determination of all the relief against the defendants not dismissed, which shall ever be granted to the United States upon the issues presented in this suit."
By the operation of this decree the New Haven is no longer a parallel and competing line with the Rutland nor is the ownership of stock therein by the New Haven a violation of the Sherman Act.
The appellants contend that this determination of the Federal court is at best only defensive matter which cannot be considered in testing the sufficiency of the complaint. *Page 362 
As a rule of pleading this is doubtless true, but when the question presented upon an appeal has by lapse of time and the changed course of events become academic merely, the court will ordinarily refuse to decide the abstract question and will dismiss the appeal. (Matter of Norton, 158 N.Y. 130.)
The question as to the rights of plaintiffs to maintain this action was difficult and interesting, as the discussion thereof in the prevailing and dissenting opinions below indicates, but the subject-matter of the specific controversy has ceased to exist and for that reason the appeal should be dismissed, without costs.
WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur; HISCOCK, J., not sitting.
Appeal dismissed.