Argued July 7; affirmed July 12, 1938

# In re FEHL

(81 P. (2d) 130)

In Banc.

*T. J. Enright,* of Medford (Earl H. Fehl, in pro. per., on the brief), for appellant.

*G. W. Neilson,* of Medford (E. E. Kelly, of Medford, on the brief), for respondent.

BELT, J.  On November 6, 1937, the plaintiff filed a complaint with the county judge of Jackson county, Oregon, charging the defendant, Earl H. Fehl, with being insane and unsafe to be at large.  The county judge, being of the opinion that he was disqualified to hear and determine the matter, certified the record, pursuant to section 28-1006, Oregon Code 1930, to the circuit court for determination.  It is provided in said section, "The judge of said court shall proceed in the manner now prescribed for the county judge had the

same remained in said court; * * *'' When the record had thus been certified, the circuit judge, Honorable H. D. Norton, appointed three competent physicians and alienists to examine the defendant as to his mental condition, viz, Henry H. Dixon, C. O. Sturdevant and D. C. Burkes. On November 23, 1937, these physicians and alienists certified under oath that the defendant, in their opinion, was insane in that he was ''suffering from paranoia,'' and was ''in need of institutional care for his own protection and for the protection of others.'' After this report was filed the cause came on for hearing before the circuit court to determine whether the defendant should be committed to the state hospital for the insane. The trial judge, in a spirit of fairness, called a jury to sit in an advisory capacity and for the purpose of ''enlightening the conscience of the chancellor.'' At this hearing, which commenced on December 1, 1937, and continued for a period of six days, the defendant appeared personally and by his then counsel, Porter J. Neff. After consideration of the evidence, the jury reported that it was unable to agree on a verdict and, on December 8, 1937, the court entered an order declaring a mistrial and continued the cause for a ''retrial at the present or a succeeding term of court.'' Thereafter, on December 20, 1937, and during the same term of court, the court entered an amended order as follows:

''This cause having heretofore come on regularly for hearing and a commission of three competent and disinterested alienist physicians having been duly appointed to examine said Earl H. Fehl as to his sanity, and the said physicians having duly examined him and filed herein their certificate reporting him, the said Earl H. Fehl, to be insane and dangerous to be at large;

''And the Court having heretofore, for its further

information, duly impaneled a jury and heard additional evidence of both physicians and laymen;

"And the Court having thereupon submitted the matter of the sanity or insanity of the said Earl H. Fehl to said jury for their advice and said jury, after due deliberation, having been unable to agree, and having been thereupon discharged and the matter continued for further consideration, the Court hereby adopts the report of said medical commission finding the said Earl H. Fehl insane and dangerous to be at large, as supported by the testimony of other local physicians and laymen, as being true and correct, and having so adopted said report and testimony;

"THEREFORE, It is considered by the Court and adjudged that the said Earl H. Fehl is insane and dangerous to be at large and that *be he* committed to the Oregon State Hospital for the insane at Salem, Oregon, for treatment and for such other action by said hospital authorities as is authorized and proper under the laws of the State of Oregon, and that due commitment issue therefor."

From the above order committing him to the Oregon state hospital for the insane, the defendant appeals.

In appellant's brief, it is said, "The sole question to be determined upon this appeal is whether the defendant Earl H. Fehl was sane or insane, and whether a person is entitled to a fair and impartial trial and a verdict of a jury of 12 of his peers, whether the Order committing him to the State Hospital for the Insane was legally entered as provided by the Statutes of the State of Oregon."

Since only a small part of the transcript of the evidence has been brought before this court on appeal, it is well settled that no question of fact can be determined. Error will not be presumed and it is incumbent upon the appellant, if he desires a review of any question of fact, to present an entire transcript of the evi-

dence. Counsel for appellant, in oral argument, conceded that such is the rule and attributed failure to produce the entire transcript to lack of funds. The court, however, does take cognizance of that part of appellant's reply brief written by the defendant and signed by him, as tending to support the finding of the court and the alienists that the defendant is a paranoiac. In this brief, defendant charges that all the witnesses, including Dr. R. E. Lee Steiner, former superintendent of the Oregon state hospital, who testified as to his insanity, were part of a great conspiracy to persecute him. Defendant further asserts in his reply brief that he was "incarcerated and denied his liberty in a glorified penitentiary (called a hospital) thru a conspiracy for purely political purposes." All of which delusions of persecution are characteristic of the paranoiac.

██ There is no merit in the contention that the defendant was entitled to a jury trial. Regardless of what may be the rule in other jurisdictions, it is well settled here that a person charged with insanity is not entitled, as a matter of law, to a trial by jury, since the statute does not so provide: *In re Idleman's Commitment*, 146 Or. 13 (27 P. (2d) 305); *In re Sneddon*, 74 Or. 586 (144 P. 676). Section 67-1606, Oregon Code 1930, so far as is material herein thus provides the procedure:

"The county judge of any county in this state, upon being notified in writing, by any person under oath, that any person by reason of insanity is unsafe to be at large or is suffering from exposure or neglect, shall cause such person to be brought before him at such time and place as he may direct, and shall also cause to appear one or more competent physicians who shall also proceed to examine the said person as to his mental condition. Should the said examining physician

find, and certify under oath, that the said person is insane, and the said county judge be of the same opinion, he shall order such insane person committed to the proper state hospital for the insane   *   *   *."

In the instant case, as stated by the trial court, the jury was called in an advisory capacity and, even had it been able to agree upon a verdict, its findings would not have been conclusive upon the court.

██ It is urged that the court erred in appointing a commission of alleged alienists to examine the defendant in the absence of the court and that defendant "had no opportunity to have them sworn to testify as witnesses and be cross-examined as such." In our opinion, the statute does not contemplate that such examination take place in the presence of the court. Neither do we think that defendant is entitled to cross-examine the physicians who make such preliminary examination. A different situation would arise had they offered themselves as witnesses at the trial. The report which they filed is a part of the record and it was not necessary for plaintiff to introduce it in evidence. Indeed, under the statute, this report was essential to authorize any order of commitment. The county judge is required to be of the same opinion as the examining physicians relative to the question of insanity before he can order such insane person committed. He may, however, refuse to agree with the examining physicians and deny the petition for an order of commitment. In the case at bar, the trial court, as shown by its order, not only relied upon the report of the examining physicians but also upon "the testimony of other local physicians and laymen."

██ Finally, it is urged that the court, after having declared a mistrial, had no authority to make a final

order of commitment without allowing defendant a new trial. The order purporting to declare a mistrial was erroneous. The mere fact that a jury, sitting in an advisory capacity, fails to agree upon a verdict does not result in a mistrial. It is to be borne in mind that we are not dealing with an action at law but with a purely statutory proceeding. The amended order, entered during the same term of court, continuing the matter for further consideration, and the final order of commitment, also made during the same term, had the legal effect of rescinding the previous order erroneously declaring a mistrial. We cannot agree with the contention of appellant that the final order is null and void.

■ This statutory proceeding was not instituted for the purpose of punishing the defendant or to deprive him of any property rights, but rather to protect him and the public against the dangers arising from the delusions of a paranoiac. Whenever the defendant has, in the judgment of the superintendent of the state hospital, recovered from his unfortunate mental condition, he will, without doubt, be discharged.

The order of commitment is affirmed.

BAILEY, J., concurs in the result.