The People of the State of New York ex rel. Charles Morriale, Relator, *v.* Vernon C. Branham, Superintendent of Woodbourne Institution for Defective Delinquents, Respondent.

Supreme Court, Special Term, Sullivan County, July 16, 1942.

*Caesar B. F. Barra* [*Ralph J. Barra* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Thomas H. McNamee, Assistant Attorney-General,* of counsel], for the respondent.

Bergan, J. Relator was sentenced in 1935 to Sing Sing Prison for a term of six years. During the same year he was transferred to the Institution for Male Mental Defective Delinquents at Napanoch in pursuance of section 439 of the Correction Law, as a mental defective. In 1938 he was transferred to Woodbourne Institution for Defective Delinquents. His term of imprisonment expired January 23, 1941.

Section 440 of the Correction Law, read in connection with section 460, provides that when the term of a prisoner confined in Woodbourne Institution has expired, and in the opinion of the superintendent the prisoner is a mental defective, the superintendent

shall apply to a judge of a court of record to cause an examination to be made of such person by two qualified examiners, to be designated by the judge. If the examiners are satisfied that the prisoner is a mental defective, they shall make a certificate to that effect. Upon this certificate the superintendent must apply to the judge for an order authorizing him to retain the prisoner at the institution. The statute then provides: "Such judge, if satisfied that such prisoner is a mental defective, shall issue an order of retention, and such superintendent shall thereupon retain the prisoner at the institution until discharged as provided by law."

On January 10, 1941, shortly before relator's term of imprisonment expired, respondent as superintendent of the Woodbourne institution presented a petition to a judge of a court of record alleging that relator was a mental defective; qualified examiners were appointed who examined relator and certified he was a mental defective; a petition was made by respondent based on the certificate asking for an order authorizing him to retain the relator and such an order was made under which relator is presently detained at the institution.

It is stipulated that no notice of the proceeding at any stage was given to the relator and it is stipulated, also, that relator was not brought into court, nor was he given a hearing or an opportunity to be heard in opposition to the order of retention nor an opportunity to question any statement in the petition or certificate upon which the order of retention was based. The order of retention could result in the imprisonment of relator for the rest of his life, if in the judgment of the superintendent he should be that long detained.

By the writ of habeas corpus, relator challenges the validity of the order of retention upon the ground he has been deprived of liberty without due process of law. (State Const., art. I, § 6.) It is his contention, also, that the statute under which the order was made is in conflict with the Constitution since it contains no express provision for notice or an opportunity to be heard in opposition to an order of detention.

The statute, however, provides that the judge may issue the order of retention " if satisfied that the prisoner is a mental defective." This provision admits of full judicial inquiry and the statute itself will not be condemned if it may be construed to contemplate a proceeding affording reasonable notice and an opportunity to be heard. Such a view of this statute seems to have been assumed by a majority of the court in *Matter of Naylor* (284 N. Y. 188) which involved a construction of section 440 of the Correction Law, upon a different issue than that presented here, and was expressly stated for the minority by Judge FINCH who wrote in

a dissenting opinion (p. 194): "The expression 'such judge, if satisfied' imports a judicial hearing on this issue."

It is settled law upon abundant authority in New York that due process of law requires that in all proceedings of a judicial nature which may result in a deprivation of liberty or property the person proceeded against shall be entitled to notice and an opportunity to be heard. " Without opportunity to meet a charge, there is no due process of law." (*People* v. *Henriques & Co.*, 267 N. Y. 398, 402. See, also, *Hovey* v. *Elliott*, 167 U. S. 409.)

Controlling upon the decision to be given here, I think, is *People ex rel. Barone* v. *Fox* (202 N. Y. 616) where the decision of the Appellate Division (144 App. Div. 611) was reversed upon the dissenting opinion of CLARKE, J. in the court below, who wrote (p. 622): " this section of the statute violates the provisions of article I, section 6 of the Constitution * * * because it requires the magistrate to commit the prisoner upon the report of a non-judicial officer of the ascertainment of a non-traversible state of facts in an investigation made by him out of court. * * * A person deprived of liberty upon facts not ascertained upon a hearing is so deprived without due process of law."

The relator was entitled to notice of the application for the order to retain him after his term of imprisonment expired and he was entitled to a judicial hearing upon the issue of his mental condition, in opposition to the facts stated in the certificate by the examiners. These are the minimal requirements guaranteed by the Bill of Rights of the New York Constitution and I am required to hold that he is presently deprived of liberty without due process of law.

Writ sustained and relator discharged. The order shall provide that it is without prejudice to a new proceeding on notice and opportunity to be heard upon the question of his purported mental defect. Settle order on notice. Papers filed.