Charles B. Brasses, J.
Pursuant to section 74 of the Mental Hygiene Law, Doris Coates, by order of certification of a Monroe County Judge dated April 17, 1957, was admitted to Rochester State Hospital for observation and treatment for a period not exceeding 80 days. Personal service of a notice of the application for certification was duly dispensed with by separate order. Before the expiration of the 60-day period a duly designated medical officer of the institution executed a certificate that he considered Doris Coates to be in need of continued care and treatment, which certificate was duly filed in the office of the Monroe County Clerk, May 3, 1957. The order of certification became a final order in accordance with section 74 of the Mental Hygiene Law, upon the filing of such certificate.
Section 76 of the Mental Hygiene Law provides, among other things, that if the person certified to the institution, or any relative or friend in his behalf be dissatisfied with the final order of the judge certifying him, he may, within 30 days after the making of such order, obtain a hearing and review of the proceedings already had upon a petition to a Justice of the Supreme Court who shall cause a jury to be summoned to try the question of the mental illness of the person so certified.
On or about June 17, 1957, and after the expiration of the 30-day period, Doris Coates petitioned the Supreme Court for a review of the question of her mental illness, the issue to be tried by a jury pursuant to section 76 of the Mental Hygiene Law. This application was denied because the 30-day period within which the application must be made had expired.
Doris Coates now seeks to vacate the order of certification and the certificate of the medical officer on the ground that the statute in question is unconstitutional and violative of the due process clauses of the Constitutions of the State of New York and the United States of America.
Counsel have not cited and I have not found a case where the precise questions presented herein have been answered.
It is well settled, and petitioner concedes it to be the law, that the State may temporarily restrain and confine mentally ill persons for their protection, and the protection of others» *91 without notice, or that such notice may be dispensed with if service would be detrimental to the patient. Under the ‘ ‘ police powers ” inherent to government, failure to serve such notice does not suspend or abridge any constitutional rights or privileges.
It is universally conceded that 1 ‘ due process of law ’ ’ is not susceptible of exact and comprehensive definition, its meaning necessarily varying with the dissimilarity in the proceedings in which it is required. Its meaning generally is the granting of a reasonable opportunity to a person to have his personal and property rights adjudicated through the courts.
u Due process of law ” requires that in all proceedings of a judicial nature which may result in a deprivation of liberty or property, the person proceeded against shall be entitled to notice and an opportunity to be heard. (N. Y. Const., art. I, § 6; People ex rel. Morriale v. Branham, 178 Misc. 728, appeal dismissed 289 N. Y. 813; People ex rel. Morriale v. Branham, 178 Misc. 728, revd. 266 App. Div. 476, revd. 291 N. Y. 312, 292 N. Y. 127.)
Petitioner contends that the statute does not provide for notice on the order of certification becoming final, in violation of the “ due process clauses; ” that the right to habeas corpus proceeding does not save the statute; that the action of the duly designated medical officer whereby the County Judge’s order became final was without notice and violative of her constitutional rights and was a judicial act by a nonjudicial officer.
Under the old practice (Insanity Law, § 62; L. 1896, ch. 545) wherein the judge committed the patient to confinement in a State hospital, the judge was authorized as a matter of discretion to dispense with service of notice upon the patient. This right was absolute and the cases uniformly held that no right of due process was violated. (Matter of Walker, 57 App. Div. 1; Parker v. Willard State Hosp., 50 App. Div. 622; Brayman v. Grant, 130 App. Div. 272; Matter of Andrews, 126 App. Div. 794; Sporza v. German Sav. Bank, 192 N. Y. 8; People ex rel. Morrell v. Dold, 119 App. Div. 888, affd. 189 N. Y. 546.)
It will be noted that the due process clauses are violated when no notice is given in a t‘ judicial proceeding.” Under the present practice no judicial proceeding is had after the certification order is granted unless initiated anew by or on behalf of the patient. The certification order automatically becomes final upon filing of the certificate showing need for continued care and treatment. It surely cannot be said that the findings of the medical officer constitute a “ judicial proceeding.” They merely consist of his conclusion based upon his (and doubtless *92 Ms colleagues) observation of the patient during Ms temporary confinement. They are confined solely to the restricted field of medicine and psycMatry. There is no statutory right to notice at tMs stage of the proceedings.
What protection has been thrown about the patient by the Legislature within the four corners of the Mental Hygiene Law?
Upon the demand of a relative or near friend, the judge shall, or he may, upon Ms own motion direct that a hearing be had upon the original petition (Mental Hygiene Law, § 74, subd. 5). I have previously referred to the right of review available to the patient, with a jury summoned to try the question of mental illness pursuant to section 76 of the Mental Hygiene Law.
In the event that the patient or any relative or friend in his behalf fails to avail himself of the right of review as so provided, witMn 30 days after the order of certification becomes final, the Legislature by section 204 of the Mental Hygiene Law, specifically .guarantees a “ safeguard against an improper detention of a mentally ill person ” by a writ of habeas corpus. (Matter of Gurland, 286 App. Div. 704, 706.) TMs remedy is available even witMn the 60-day period of detention and is also afforded to a relative or friend in behalf of the patient. (Mental Hygiene Law, § 204; Matter of Gurland, 286 App. Div. 704; Matter of Gurland, 309 N. Y. 969.)
While the proceeding under section 204 does not take the place of a hearing held upon notice to the patient (see People ex rel. Morriale v. Branham, 291 N. Y. 312, 319, supra), nevertheless it is a remedy available to the patient, to prevent an injustice in the event he is not aware or is not informed that the order of certification has become final, and fails to petition for a hearing pursuant to section 76 of the Mental Hygiene Law. The medical officer’s certificate becomes public record, of course, when filed in the County Clerk’s office.
Finally, we must not overlook subdivision 8 of section 74 of the Mental Hygiene Law, providing that the director or physician in charge ‘1 may refuse to receive any person upon any such order * * * if in Ms judgment, such person is not mentally ill * * * or if received, such person may be discharged by the director or physician in charge.”
I therefore conclude that the Mental Hygiene Law insofar as it relates to the care and custody of mentally ill persons, and as construed and interpreted by the courts, adequately protects persons coming witMn its purview, and that the provisions thereof are not violative of the Federal or State Constitutions relating to due process of law.
The motion is deMed. Submit order accordingly.