■ Edward Schwartzman, Respondent, v Walter Weintraub et al., Appellants.—Order, Supreme Court, New York County, entered November 12, 1975, granting plaintiff's motion to add three corporations as parties defendant, unanimously affirmed, with $40 costs and disbursements to respondent. Appeal from that portion of the order directing an examination of National Telephone Advertising, Inc., to appear by Lawrence Goldberg is dismissed as academic. The individual defendant Weintraub was in the business of making commercial surveys. Plaintiff approached him to expand the range of business and include political surveys. A contract was allegedly entered into which the defendant allegedly breached. This suit was brought naming the individual Weintraub and two corporate defendants over which he had control. The three additional corporate defendants sought to be added also appear to be owned or controlled by Weintraub, either through direct ownership of the controlling shares or through ownership of shares by a corporation which, in turn, is controlled by Weintraub. All three proposed corporate defendants are engaged in political research or other related

activities and are proper parties defendant to assure full litigation of the issues presented. We find that sufficient new facts uncovered by subsequent discovery proceedings were submitted to Special Term so that the order presently appealed does not constitute a modification or overruling of a prior order of Special Term denying an examination of Goldberg (cf. *Kamp v Kamp,* 59 NY 212; *Abozoglou v Tsakalotos,* 36 AD2d 516). In view of the fact that the examination of Lawrence Goldberg has taken place, the appeal from that portion of the order must be dismissed as academic *(Delavan v New York, New Haven & Hartford R. R.* Co., 216 NY 359, 362). We parenthetically note that the use at trial, if any, to be made of the deposition taken should properly be reserved for ruling by the .trial court. Concur—Markewich, J. P., Kupferman, Silverman, Lane and Nunez, JJ.