Argued July 18, affirmed October 30, reconsideration denied
December 5, 1978, petition for review denied February 13, 1979

In the Matter of Robert Edward Mills an Allegedly
Mentally Ill Person.

STATE OF OREGON, *Respondent,*

*v.*

ROBERT EDWARD MILLS, *Appellant.*

(No. 14295, CA 10569)

585 P2d 1143

John R. Miller, Salem, argued the cause and filed the brief for appellant.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

This is an appeal from an order of commitment finding appellant to be a mentally ill person, ORS 426.005. There are two assignments of error. First, appellant contends denial of his request for trial by jury violated his due process rights under the state and federal constitutions. Second, he contends a continuance of the hearing should have been granted pursuant to ORS 426.100(5). A recitation of the facts is unnecessary to resolve these issues.

Article I, section 17 of the Oregon Constitution provides: "In all civil cases the right of Trial by Jury shall remain inviolate." ORS chapter 426 does not grant to an allegedly mentally ill person the right to have a jury decide the issues of fact. *In re Fehl,* 159 Or 545, 549, 81 P2d 130 (1938); and *In re Idleman's Commitment,* 146 Or 13, 28-30, 27 P2d 305 (1934), held that a person, alleged to be insane, is not, as a matter of constitutional right, entitled to a trial by jury.

■ In *Idleman* the court said article I, section 17 of the Oregon Constitution "does not extend the right of trial by jury, nor render it universally available, but merely preserves it in all those classes of action in which it was available at the time the constitution was adopted." 146 Or at 28. At the time our constitution was approved, civil commitment proceedings were tried before a judge without a jury. Sections 9 and 10 of the 1853 Statutes of Oregon, pages 362-63.[1] Hence, ORS chapter 426 does not conflict with article I, section 17 of the Oregon Constitution.[2]

---

[1] The Oregon Constitution was approved by a vote of the people of the Oregon Territory on November 9, 1857 and went into effect when Congress admitted Oregon into the Union February 14, 1859.

[2] In reaching a result in accord with the principle that a jury trial in a mental commitment proceeding is not mandated under their constitutions, the various states have adopted different approaches. For an inexhaustive catalogue *see generally, Sharum v. Meriwether,* 156 Ark 331, 246 SW 501, 502 (1923); *In re Jones,* 339 So 2d 1117, 1118 (Fla 1976), *cert den* 430 US 972 (1977); *State ex rel. Boeldt v. Cr. C. Mar. Co.,* 236 Ind 290, 139 NE2d

■ Appellant further asserts that the refusal to grant him a jury trial violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Although the United States Supreme Court has not directly faced this issue,[3] the courts which

891, 893 (1957); *In re Brewer,* 224 Iowa 773, 276 NW 766, 768-69 (1937); *People ex rel. Keith v. Keith,* 38 Ill 2d 405, 231 NE2d 387, 389 (1967); *Matter of Easton, incompetent,* 214 Md 176, 133 A2d 441, 450 (1957); *State ex rel. Anderson v. U. S. Veterans Hospital,* 268 Minn 213, 128 NW2d 710, 716 (1964); *In re Cook,* 218 NC 384, 11 SE2d 142 (1940). For discussion of the theories *see,* annot 91 ALR 88 (1934); annot 33 ALR 2d 1145 (1954).

At least 18 states have expressly provided by statute for jury hearings in these instances. Note, *The Confinement of Mabel Jones: Is There a Right to Jury Trial in Civil Commitment Proceedings,* 6 Fla St U L Rev 103, 113 n 60 (1978).

In a few states the provision for jury trials in lunacy hearings was granted before their constitutions were adopted and therefore a jury trial was held to be constitutionally required. *See e.g., Application of Coates,* 8 AD2d 444, 188 NYS2d 400, 404 (1959); *Johnson v. Nelms,* 171 Tenn 54, 100 SW2d 648, 651 (1937); *Loving v. Hazelwood,* 184 SW 355, 356 (Tex Civ App 1916). Other courts have arrived at the same result through diversified reasoning. *In re McLaughlin,* 87 NJ Eq 138, 102 A 439 (1917); *In re Quesnell,* 83 Wash2d 224, 517 P2d 568, 578-79 (1973).

[3] Involuntary commitment proceedings must comport with due process. *See e.g., O'Connor v. Donaldson,* 422 US 563, 95 S Ct 2486, 45 L Ed 2d 396 (1975). The procedural safeguards required of a commitment hearing were set out in *Specht v. Patterson,* 386 US 605, 610, 87 S Ct 1209, 18 L Ed 2d 326 (1967). ORS 426.070 to 426.170 guarantees these rights to alleged mentally ill persons in Oregon.

The Supreme Court has not, however, addressed the issue of whether a jury trial is mandated in these instances. In *Humphrey v. Cady,* 405 US 504, 509, 92 S Ct 1048, 31 L Ed 2d 394 (1972), when faced with an equal protection argument that one committed under Wisconsin's sex offender statute should have the same procedural right to a jury granted under the state mental health act, the court stated that a jury could serve the important function of introducing lay judgment and community values into the proceeding but did not require a jury hearing as an element of due process. In a latter case, *Jackson v. Indiana,* 406 US 715, 722, 92 S Ct 1845, 32 L Ed 2d 435 (1972), the Court noted without comment that under Indiana's mental health law the hearings concerning ones alleged mental illness were conducted before a judge without a jury.

*Duncan v. Louisiana,* 391 US 145, 149, 88 S Ct 1444, 20 L Ed 2d 491 (1968), would not apply for a civil commitment is not a criminal contest under the 6th Amendment. Contrary to what is implied in Kirkpatrick, *Oregon's New Mental Commitment Statute: The Expanded Responsibilities of Courts and Counsel,* 53 Or L Rev 245, 246 (1974). This court's opinion in *State v. Collman,* 9 Or App 476, 497 P2d 1233 (1972), does not stand for the general position that the 6th Amendment constitutional standards apply

have have rejected the contention. *Ward v. Booth,* 197 F2d 963, 966, 33 ALR2d 1134 (9th Cir 1952); *Dorsey v. Solomon,* 435 F Supp 725, 733 (D Md 1977); *French v. Blackburn,* 428 F Supp 1351, 1361 (M D N C 1977) (dicta); *Suzuki v. Quisenberry,* 411 F Supp 1113, 1129 (D Haw 1976); *Doremus v. Farrell,* 407 F Supp 509, 516 (D Neb 1975); *Lynch v. Baxley,* 386 F Supp 378, 394 (M D Ala 1974) (dicta); *United States v. Wolfe,* 232 F Supp 85, 97 (S D N Y 1964); *Williams v. Overholser,* 162 F Supp 514, 517 (D D C 1958); *In re Jones,* 339 So 2d 1117, 1118 (Fla 1976), *cert den,* 430 US 972 (1977); *Ex Parte Higgens v. Hoctor,* 332 Mo 1022, 62 SW2d 410, 413 (1933).[4] We conclude that a jury trial in this context is not a necessary element of fundamental fairness guaranteed by the due process clause. The procedural requirements of ORS 426.070 to 426.170 provide the necessary protection of the individual's due process rights. Further, a jury is not an essential component of accurate fact finding. *McKeiver v. Pennsylvania,* 403 US 528, 547, 91 S Ct 1976, 29 L Ed 2d 647 (1971).

Appellant's first contention fails.

■ ORS 426.100(5) allows the court to grant a continuance for good cause shown. Neither appellant nor

---

because the proceedings are of a criminal nature. The language in that case was derived from *In Re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967). *Gault* does not make juvenile proceedings "criminal" within the meaning and reach of the 6th Amendment *id* at 24. *Also see McKeiver, infra* at 541. The mental commitment proceedings were also labeled "civil" in *Collman* at 482.

A valid analogy can be drawn between a juvenile proceedings and a civil commitment based on the protective-rehabilitative concerns, and the relative informality of the hearing. The court in *McKeiver v. Pennsylvania,* 403 US 528, 545, 91 S Ct 1976, 29 L Ed 2d 647 (1971), held that the due process clause of the constitution does not require a jury in juvenile proceedings. *id* at 545. The court's rationale in *McKeiver* is applicable to civil commitment hearings. *See, Developments in the Law-Civil Commitment Of The Mentally Ill,* 87 Har L Rev 1190, 1291-95 (1974).

[4]Such proceedings are not considered "suits at common law" and therefore no jury trial is mandated by the Seventh Amendment to the United States Constitution. *Ward v. Booth,* 197 F2d 963, 966 (9th Cir 1952).

his attorney made a motion for a continuance. It will not be considered for the first time on appeal.[5] *Portland Machinery Co. v. Sistig,* 283 Or 249, 583 P2d 536 (1978).

Affirmed.

---

[5] Although appellant made reference to certain FBI records there was no motion or request for a continuance to allow him to produce them.