Argued and submitted June 5, affirmed October 20, 1980

WINCER,
*Appellant - Cross-Respondent,*
*v.*
INDEPENDENT PAPER STOCK CO.,
*Respondent - Cross-Appellant.*

(No. A7902-00599, CA 15243)

618 P2d 15

Robert K. Udziela, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Bruce A. Rubin, Portland, argued the cause for respondent - cross-appellant. With him on the briefs was Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Schwab, Chief Judge, and Thornton, and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff, while employed by defendant, sustained a compensable injury under the Workers' Compensation Act and was off work due to the injury. He sought reinstatement to his former position of employment with defendant employer on the ground he was no longer disabled. After defendant refused to reemploy him, plaintiff brought this suit seeking an order restraining defendant from continuing this alleged unlawful employment practice, ORS 659.030, reinstatement to his former position, back wages and attorney fees, ORS 659.121(1); ORS 659.415. The trial court found defendant had not violated ORS 659.415 and plaintiff appeals.[1] The issues on appeal are whether plaintiff was entitled to a jury trial and whether the evidence supports the conclusion that plaintiff was unable to perform the work at defendant's plant.

Employer conducts a secondary fiber and waste paper recycling business that employs four workers in the production area of the plant. Plaintiff began working for defendant in 1962 and sometime thereafter began to experience back pain. In 1974, after an increase in the back pain, plaintiff took a month's leave of absence. In April, 1975, after his return to work, plaintiff's back pains continued and he was referred to Dr. Gritzka, who performed a lumbar discectomy. Plaintiff returned to work in December, 1975. He continued to suffer back pain and left work in April, 1976. In July, 1976, a lumbosacral fusion was performed by Dr. Gritzka. Plaintiff's recovery from the second surgery was slow. In November, 1978, he requested reinstatment to his former employment. Defendant expressed concern that there was a risk of further injury and denied plaintiff's request for reemployment. Plaintiff was awarded 144 degrees unscheduled permanent partial disbility by the Workers' Compensation Department in February, 1979. He brought this action the same month.

---

[1] Defendant cross-appeals, contending the court erred in ruling defendant would have to reinstate plaintiff if he is not disabled despite the fact defendant had no job opening available.

■ Plaintiff requested a jury trial, which was denied. He assigns denial of his request as error. Plaintiff contends that even though ORS 659.121 by its terms does not provide for trial by jury and appears to be an equitable proceeding, nevertheless a jury trial is required pursuant to Art I, § 17 of the Oregon Constitution. That constitutional provision states:

> "In all civil cases the right of Trial by Jury shall remain inviolate."

That section does not extend the right of trial by jury, nor render it universally available, but merely preserves that right in all classes of actions in which it was available at the time the constitution was adopted. *Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 336 P2d 39, 337 P2d 810 (1959); *In re Idleman's Commitment,* 146 Or 13, 27 P2d 305 (1933); *State v. 1920 Studebaker Touring Car et al.,* 120 Or 254, 259, 251 P 701, 50 ALR 81 (1926); *State v. Mills,* 36 Or App 727, 729, 585 P2d 1143 (1978), *rev den* 285 Or 195 (1979).

At the time of the adoption of our constitution[2] courts were classified according to the nature and extent of their jurisdiction, their forms of proceeding, and the principles upon which they administered justice, as either courts of admiralty, courts of equity, or courts of law. *See State v. 1920 Studebaker Touring Car et al., supra.* The character of the proceeding determined whether a matter was to be tried by a court or jury. The court sitting in equity was the trier of fact, General Laws of Oregon 1845-64, Civ. Procedure Code, § 392, while in a court of law the litigants were entitled to a trial by jury. General Laws of Oregon 1845-64 Civ. Procedure Code, §§ 176, 912. The question of whether a litigant was entitled to a trial by jury depended upon the type of jurisdiction invoked and the remedy sought. If the remedy is historically equitable, the constitution does not require the matter to be tried by jury.

---

[2] The Oregon Constitution was adopted by a vote of the people of the Oregon Territory on November 9, 1857, and went into effect when Oregon was admitted to the Union on February 14, 1859.

Historically injunctions and reinstatement of contracts were a matter tried in equity.[3] Back wages due under an employment contract followed as a matter of course upon equitable reinstatement of the contract. Plaintiff seeks an injunction and reinstatement of his employment contract with the attendant back wages. These remedies were the type sought in equity at the time the constitution was adopted.

■ Plaintiff cites *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978), and argues the proceeding there was a common law action similar to the action he brings. In that case, plaintiff brought an action against his former employer for retaliatory discharge because plaintiff filed a workers' compensation claim. The discharge occurred prior to the passage of ORS 659.121. The statutory remedy available at that time was administrative review of the complaint by the Bureau of Labor, ORS 659.435. Plaintiff did not file a complaint with the Bureau of Labor but commenced an action for damages. The trial court granted defendant a summary judgment. The Supreme Court reversed, holding that plaintiff based his claim on the common law cause of action for wrongful discharge, a right not abrogated by the administrative remedies of ORS chapter 659.

Plaintiff argues that *Brown* stands for the proposition that an injured worker seeking redress for discharge is entitled to a trial by jury. He contends the present action is in the same category as the action in *Brown.* However, in *Brown* the relief sought was damages for retaliation against plaintiff for filing a workers' compensation claim. In this case plaintiff seeks injunctive relief and reinstatement of his employment contract. *Brown* is distinguishable. We conclude the court was correct in denying plaintiff's motion for trial by jury.

---

[3] *See,* Barton's Chancery Practice, Vol 1, 1-9 (3rd Ed 1926); D. Dobbs, Remedies, 25-70 (1973); H. McClintock, Principles of Equity, 1-30 (2nd Ed 1948); M Radin, Anglo-American Legal History, 422-439 (1936); Whitehouse, Equity Practice, Vol 1 (1915).

■ Having decided that the case is properly in equity, our review of the evidence is *de novo.* ORS 19.125(3). The trial court found that plaintiff was disabled from performing the duties of his former employment and defendant did not wrongfully refuse to rehire him. We concur in the court's findings.

The work at employer's plant involves strenuous physical labor. The four employees who work in the production portion of the plant interchange their job functions. Plaintiff would be required to lift heavy objects repetitively, stand for long periods of time, crawl onto a paper bailer when it becomes jammed and operate a forklift over an uneven floor.

Dr. Olmscheid, who testified on behalf of defendant, examined plaintiff, reviewed his medical records, and prior to trial observed defendant's plant in operation. He concluded plaintiff suffered back pain and could not return to the work in the plant without jeopardizing his physical condition or risking reinjury to his back.

Dr. Gritzka, plaintiff's treating physician, had not seen the plant in operation. He based his conclusion, that plaintiff could do the required work, on plaintiff's description of the job requirements and a report of the work from defendant. Dr. Gritzka predicted that plaintiff would continue to have leg and back pain if he returned to the job. The trial court viewed the plant in operation and described what he saw as strenuous physical activity on the part of the employees.

ORS 659.415 provides:

"A worker who has sustained a compensable injury shall be reinstated by his employer to his former position of employment which is available and suitable upon demand for such reinstatement, provided that the workman is not disabled from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the workman's return to his regular employment shall be prima facie evidence that the workman is able to perform such duties."

The prima facie evidence from the doctor's certificate in this case is outweighed by the evidence of plaintiff's physical condition and the work he would be required to do if he returned to his former employment. He is disabled from performing the duties of his former employment.

In view of our disposition of this case, we need not review the merits of defendant's cross-appeal.

Affirmed.