In the Matter of the Estate of
Betty Lee Dobbin, Deceased.

RANTRU,
*Appellant - Cross-Respondent,*

*v.*

UNGER,
*Respondent - Cross-Appellant.*

(137725; CA A31246)

700 P2d 272

Ferris E. Boothe, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Emerson G. Fisher, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Garry L. Kahn, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a will contest. Before trial, appellant (contestant) timely moved for a jury trial, which the trial court denied. From a subsequent judgment order overruling his objections and admitting the will to probate in solemn form, the contestant appeals. His sole assignment of error is that the trial court erred in denying him a jury trial. We affirm.

Contestant bases his claim of right to a jury trial on a 1979 legislative change in the language of ORS 113.055(4). Or Laws 1979, ch 284, § 105. The *former* statute provided:

> "(4) In the event of contest of the will or of probate thereof in solemn form, proof of any facts shall be made in the same manner as in a suit in equity."

The statute now provides:

> "(4) In the event of contest of the will or of probate thereof in solemn form, proof of any facts shall be made in the same manner *as in an action tried without a jury.*" (Emphasis supplied.)

Although the statute specifically provides for trial "without a jury," the contestant argues that denying him a jury trial after the legislative change would be unconstitutional. He reasons:

> "[T]he legislature has converted a will contest from a suit in equity to an action at law. However, it was, and is, unconstitutional to provide that it shall be tried *to the court* as an action at law. This represents a denial of the right granted to all litigants in Oregon by the Oregon Constitution, Section 3, Article VII (Amended), which provides that:
>
> > " 'In an action at law, where the value in controversy shall exceed $200, the right of trial by jury *shall* be preserved * * *.' "

If the contestant's premises were correct, he might have a point. However, they are not. As to the first, the change in the statute's language was accomplished in order to conform it to the usage of the Oregon Rules of Civil Procedure. ORCP 2. The changes were procedural; not substantive. They were not intended to alter, and do not alter, substantive rights, such as the right to trial by jury, or the lack thereof. *See Sanders v. U. S. National Bank,* 71 Or App 674, 694 P2d 548 (1984), *rev den* 299 Or 31 (1985). Contestant's first premise is false.

 Even if this first premise were not false, contestant's second—that conversion of the present action to one triable to the court without a jury creates a right *to* a jury—is wrong. Not all actions formerly deemed "legal" carried with them the right to trial by jury. That right, under Oregon's Constitution, was reserved only in those classes of actions in which it was available at the time the constitution was enacted. *See, e.g., State v. 1920 Studebaker Touring Car, et al,* 120 Or 254, 259, 251 P 701 (1926); *Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 862, 618 P2d 15 (1980). Contestant has pointed to no authority—and we know of none—under which the factual issues of the present case would have been triable to a jury in 1859. It follows that his second premise is also false. The trial court's ruling was correct.

Affirmed on appeal and cross-appeal.[1]

---

[1] Our disposition of the appeal makes the cross-appeal moot.