*494 OPINION OF THE COURT
George Friedman, J.
Motion by respondent for an order dismissing this application for an order for rehearing and review pursuant to Mental Hygiene Law § 9.35 is decided as follows:
Because of the unique interests involved and procedural requirements of the Mental Hygiene Law, it is possible for a Justice of the Supreme Court to "overrule” a panel of the Appellate Division.
Under New York State’s comprehensive procedural scheme for the involuntary commitment of persons afflicted with mental disease, a person whose application for release from a mental institution has been denied, or whose retention has been authorized "pursuant to this article”, is afforded, upon demand, "a rehearing and a review of the proceedings already had and of such order upon a petition to a justice of the supreme court other than the judge or justice presiding over the court making such order”. (Mental Hygiene Law § 9.35.) At issue on the instant motion is whether the right to a de novo hearing is available when the order of retention has been issued, in the first instance, by an appellate court on appeal from an order of the Supreme Court denying an application for involuntary retention.
FACTS
This proceeding was initially commenced by petitioner Bronx Psychiatric Center for involuntary retention of patient "A.” Justice Lottie E. Wilkins, after a hearing, denied the order of retention. Release of patient "A.” was stayed pending appeal to the Appellate Division, First Department. That Court unanimously reversed and granted the application for retention, directing that the patient be retained for a period of 60 days from the date of that Court’s order, "subject to further application in accordance with the Mental Hygiene Law (9.13 [b])”. (Matter of Arnold A. v Donaldson, 215 AD2d 302 [1st Dept 1995]). The Appellate Division’s reference to Mental Hygiene Law § 9.13 (b) ostensibly relates to further applications for retention by respondent.
Patient "A.” now seeks a de novo hearing pursuant to Mental Hygiene Law § 9.35. Respondent moves to dismiss the proceeding, on the ground that a de novo hearing under the present circumstances would put this court in the untenable position of sitting in review of an order of an appellate court. Further, *495 respondent argues that the Appellate Division did not remand this proceeding for further consideration, but rather, the order of the Appellate Division contemplates only further retention hearings, and thus precludes a rehearing and review.
Patient "A.”, on the other hand, argues that the Appellate Division did nothing more than step into the shoes of the Supreme Court Justice who originally denied the application for retention, and that a right to a de novo hearing, before a jury, if so desired, is available to the patient as a matter of statutory right. Petitioner argues, in addition, that to deny him a review and rehearing is to deny him the right to a jury trial on his civil commitment, which, he contends, is constitutionally protected.
FEDERAL CONSTITUTIONAL RIGHT TO A JURY TRIAL
Despite the suggestion of the petitioner, no absolute due process right to a trial by jury exists under the United States Constitution in cases of civil confinement. Baxstrom v Herold (383 US 107 [1966]), on which petitioner relies, is not to the contrary. That case held that a person whose confinement to a mental institution was sought at the conclusion of a sentence of incarceration is entitled to the same statutory, procedural protections as a person subject to civil confinement — including the right to a jury trial. The issue was resolved on equal protection, not due process, grounds.
The Supreme Court has observed that, "civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.” (Addington v Texas, 441 US 418, 425 [1979] [proof beyond a reasonable doubt not required for confinement of mentally disabled].) Nevertheless, "[although many states provide a statutory right to a trial by jury at civil commitment proceedings, no court has ever held that due process of law requires trial by jury in such proceedings * * * On the contrary, the pertinent authorities point to the opposite conclusion.” (Dorsey v Solomon, 435 F Supp 725, 733 [D Md 1977] [citations omitted]; see also, Lynch v Baxley, 386 F Supp 378 [MD Ala 1974]; Doremus v Farrell, 407 F Supp 509 [D Neb 1975]; United States v Sahhar, 917 F2d 1197 [9th Cir 1990], cert denied 499 US 963 [1991].)
STATE CONSTITUTIONAL AND STATUTORY CONCERNS
The absence of an absolute, Sixth Amendment due process right to a jury trial is not dispositive of the present issue. The Constitution of the State of New York also addresses the right *496 to a jury trial. The expression of this right near the inception of the Constitution underscores how dearly this right is held by the People of this State, and the high price paid to secure it (NY Const, art I, § 2). The Court of Appeals has held that the right to a jury trial existed at the time of adoption of the Constitution, and so "remains inviolate”. (Sporza v German Sav. Bank, 192 NY 8, 21; see also, Matter of Coates, 8 AD2d 444, affd 9 NY2d 242, appeal dismissed sub nom. Coates v Walters, 368 US 34.)
Clearly petitioner is entitled to jury trial on the question of his commitment, by virtue of the Constitution of this State. He may not be deprived of this right merely by the happenstance that the order committing him was issued by an appellate court.
This court concludes that a rehearing and review is mandated in order to afford petitioner his constitutional rights. This result is not inconsistent with the literal language of Mental Hygiene Law § 9.35. That part of the section which provides for a rehearing before a Justice other than "the judge or justice presiding over the court making such order” appears, in the language given emphasis, to contemplate that a rehearing may follow the order of an appellate court. Further, equal protection concerns suggest that a person whose liberty has been curtailed should not be treated disparately from others similarly situated merely because the initial order of retention was issued on appeal (Baxstrom v Herold, supra).
Some would argue that the instant determination permits a lower court to "overrule” the higher. This, of course, is not and cannot be the case. The determination of the appellate court stands, and it is not affected by the present determination. Rather, the hearing to be conducted herein is a de novo hearing, as required by the statute, and is not affected by the prior proceedings.
As there exists no basis to deny petitioner his statutory right to a rehearing, the motion to dismiss is denied.