605 P.2d 912

**In the Matter of the Guardianship of MH–515–2–79.**

**COUNTY ATTORNEY, PIMA COUNTY, Petitioner/Appellee,**

v.

**Paul O. KAPLAN, Respondent/Appellant.**

**No. 2 CA–CIV 3353.**

Court of Appeals of Arizona,
Division 2.

Jan. 16, 1980.

Stephen D. Neely, Pima County Atty., by Howard L. Baldwin, Tucson, for petitioner/appellee.

Law Office of Michael A. Blum, by Michael A. Blum, Tucson, for respondent/appellant.

## OPINION

RICHMOND, Judge.

■ This appeal raises the question of the proper standard of proof in a proceeding to determine if a person is "gravely disabled" within the meaning of A.R.S. § 36–501(11)(a).[1] At the conclusion of the evidence on a petition filed pursuant to A.R.S. § 36–523, the court commissioner stated:

This is really a tough case. It's fortunate for the petitioner that we don't have the clear and convincing proof problem that

we have in a dangerous-to-self or dangerous-to-others petition. I think it's merely a preponderance of the evidence. I think it's a real close case.

Appellant contends that the correct standard is proof "beyond a reasonable doubt." We hold that the petitioner had to prove that appellant was gravely disabled by clear and convincing evidence, and reverse because that burden of proof was not met.

■ Due process requires at least a "clear and convincing" standard of proof for civil commitment, because commitment entails a deprivation of liberty and results in social stigma. *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). The Arizona Mental Health Act requires clear and convincing evidence to commit a person who is dangerous to himself or others as a result of a mental disorder. A.R.S. § 36–540(A) and (B). The act is silent as to the standard for determining whether a person is gravely disabled, even though a person found to be gravely disabled can be committed to a mental health institution in some cases by a guardian appointed by the court. A.R.S. § 36–547.04. Since commitment in this manner produces the same loss of liberty and stigma to the individual as commitment pursuant to A.R.S. § 36–540(A) or (B), the same burden of proof is appropriate. *Cf. Doe v. Doe*, 385 N.E.2d 995 (Mass.1979) ("beyond a reasonable doubt" standard of proof set by Massachusetts courts for civil commitment proceedings also applies to commitments by a guardian).

■ Although the petitioner presented ample evidence that appellant was schizophrenic and had a long history of mental illness, he failed to prove by clear and convincing evidence that appellant was "unable to provide for his basic physical needs." A.R.S. § 36–501(11). The gist of the testimony about his inability to provide for his

---

1. The statute in effect at the time of the proceeding defined gravely disabled as "a condition in which a person is unable to provide for his basic personal needs for food, clothing and shelter" as a result of a long-term mental disorder. The definition has since been amended to require evidence of recent behavior showing the person "is within thirty days likely to come to grave physical harm or serious illness because he is unable to provide for his basic physical needs such as food, clothing or shelter . . . ."

basic needs was that he gave away most of his clothes, squandered his money, took long purposeless trips, had difficulty finding a place to live because of his improper behavior, and refused treatment that would help him "compensate" and lead a more ordinary life. Two psychiatrists testified that they did not feel appellant was capable of providing for his own needs, based on that evidence and his previous psychiatric history. However, the psychiatric resident who had been treating appellant during the month immediately preceding the hearing testified that appellant was not likely to neglect himself to the point of dying or becoming seriously ill, and would be able to contact social service agencies to obtain food and shelter even if he stopped taking medication and squandered his assets. Testimony of most of the witnesses indicates that appellant would use food and shelter if it was provided for him, although he might not be able to manage his money well enough to provide these for himself.

■ The statutory definition of "gravely disabled" is limited to persons who are incapable of providing for their basic survival needs because of a mental disorder. As long as appellant can provide himself with adequate food, clothing and shelter, he does not come within that definition, despite the likelihood that he will decompensate, give away his money, and become dependent on social agencies. It is one thing to commit an individual who cannot function sufficiently to supply basic survival needs, and another to commit an individual who merely "chooses to live under conditions that most of society would conclude to be substandard . . . ." *Colyar v. Third Judicial District Court for Salt Lake County*, 469 F.Supp. 424, 432 (D.Utah, 1979) (interpreting Utah commitment statute).

■ Mentally disordered persons who are passively dangerous to themselves for reasons other than their inability to provide for basic necessities may be subject to involuntary treatment under A.R.S. § 36–501(4)(b) and § 36–540(A). Testimony that appellant had been arrested for driving the wrong way on a freeway and had been found beneath a jet readying for takeoff may show that he was a danger to himself and in need of treatment but is not clear and convincing evidence that he was gravely disabled.

■ Appellant also argues that he has a due process right to a jury trial in a mental health proceeding. We disagree. The procedural requirements of the Mental Health Act provide sufficient protection for due process rights and obviate the need for a jury. *See Matter of Mills*, 36 Or.App. 727, 585 P.2d 1143 (1978), and cases cited therein. Appellant's reliance on *Estate of Roulet*, 23 Cal.3d 219, 152 Cal.Rptr. 425, 590 P.2d 1 (1979), is misplaced, since the California mental health statute provides for a jury trial, Cal. Welfare & Institutions Code, § 5350(d), while the Arizona Mental Health Act does not.

The order finding appellant gravely disabled and appointing a guardian for him is vacated.

HATHAWAY, C. J., and HOWARD, J., concurring.