703 P.2d 574

**In re Crysta Beal MAXWELL.**

**No. 1 CA–CIV 8038.**

Court of Appeals of Arizona,
Division 1, Department B.

July 9, 1985.

**28**

Charles L. Arnold, Phoenix, for appellant.

David S. Ellsworth, Yuma Co. Atty. by John K. White, Deputy Co. Atty., Yuma, for State.

## OPINION

CORCORAN, Judge.

This is an appeal from a court order mandating that appellant Crysta Beal Maxwell receive mental health treatment under A.R.S. § 36–540(B). Maxwell contests both the court's finding that she is "gravely disabled" and the "treatment order" committing her to the Arizona State Hospital for a period "not to exceed 365 days." We have jurisdiction pursuant to A.R.S. § 36–546.01.

Maxwell came to the attention of the authorities in October 1984 when her loud, disruptive behavior at the Yuma Airport resulted in questioning by a police officer. He reported in an application for emergency admission that Maxwell had been approaching many people telling them that she was a federal witness in a murder trial and that someone was trying to kill her. Because she was unable to tell him where she lived and seemed unable to care for herself, the officer concluded that she was a danger to herself or others. Maxwell was screened that day at the Yuma Regional Medical Center which resulted in a petition for evaluation and an order by the superior court for custodial evaluation. Maxwell was examined at the Center by two physicians, a psychiatrist and family practitioner, a psychologist, and a social worker. The psychiatrist, Eva McCullars, M.D., filed a petition for court-ordered treatment, alleging that Maxwell was suffering from a mental disorder and was a "danger to self."

■ The trial court's order of commitment was based upon its finding that appellant was "gravely disabled." A.R.S. § 36–501(11) sets out the elements petitioner must show by clear convincing evidence to prove that a person is "gravely disabled." Specifically, the person must, as a result of a mental disorder, be likely in the near future to come to serious physical harm or

serious illness as a result of being unable to provide for the basic physical needs such as food, clothing or shelter.[1] This definition is limited to persons who are incapable of providing for their basic survival needs because of a mental disorder. *In re Kaplan*, 124 Ariz. 510, 605 P.2d 912 (App.1980). In reviewing the evidence this court will affirm the order if there is substantial evidence to support the conclusion of the trier of fact. *Juvenile Action JS–4130*, 132 Ariz. 486, 647 P.2d 184 (App.1982). In our opinion the evidence does not support the trial court's conclusion.

■ Maxwell contends that Dr. McCullars, as petitioner, failed in her burden of proof because of the absence of testimony by two or more witnesses acquainted with the patient at the time of the alleged mental disorder as required under A.R.S. § 36–539(B). Maxwell would require petitioner to present evidence of her behavior prior to admission for evaluation. We do not read the statute so narrowly: if the person was suffering from a mental disorder while under detention for an evaluation, testimony to that effect is sufficient. *Cf., In re Mental Health Matter*, 143 Ariz. 338, 693 P.2d 993 (App.1984).

■ We note however, given the trial court's finding, that there were other deficiencies in petitioner's case in chief. All four witnesses testified that Maxwell had a mental disorder or was a schizophrenic. But none of them testified that she was likely to come to serious physical harm or illness because she was unable to provide for her basic physical needs. When asked whether she was a danger to herself, the psychologist testified that because of her hostile and negative attitude she might be a danger to herself. Similarly, both physicians testified that she was likely to get herself into trouble. The psychiatrist testified:

Q. Do you feel that she's a danger to herself or gravely disabled as a result of this mental disorder?

A. I feel that through her delusions she can provoke enough anger that she can get people to hurt her if she's in a setting where people might respond to her delusions and as a result of getting her into so many difficulties, and she's really not taking care of herself when she's not in a structured setting. I think she's gravely disabled in that sense.

As pointed out in *Kaplan*, "[m]entally disordered persons who are passively dangerous to themselves for reasons other than their inability to provide for basic necessities may be subject to involuntary treatment under A.R.S. § 36–501(4)(b) [danger to self] and § 36–540(A) [court options for treatment]" but they are not "gravely disabled" under A.R.S. § 36–501(11). 124 Ariz. at 512, 605 P.2d at 914. Kaplan had been arrested for driving the wrong way on the freeway and had been found beneath a jet preparing for takeoff. Here there is the even less persuasive testimony that Maxwell could get into trouble. Her potential for being victimized is a valid concern but does not warrant a finding of "gravely disabled."

Assuming that Maxwell's behavior was likely to elicit hostile actions from others, A.R.S. § 36–501(4)(b) addresses that condition:

"Danger to self" means:

. . . .

Behavior which, as a result of a mental disorder, will, without hospitalization, result in serious physical harm or serious illness to the person. . . .

■ The distinctions among the various definitions are not merely academic since there are different time limits for treatment based upon those distinctions. A.R.S. § 36–540(E) limits the maximum period of in-patient treatment which a court may order to 90 days for a person found to be a danger to self, whereas the maximum period for a gravely disabled person is 365 days. The trial court must insure that each of the statutory elements is satisfied,

---

1. We note that the statutory definition of "gravely disabled" was amended since the court hearing, Laws 1985, Ch. 363, § 1, but we do not believe that the result would be different under the modified definition.

regardless of whether the mental health professionals only testify as to the ultimate issue.

The next error was on the order for treatment. The court committed Maxwell to a program of combined in-patient and out-patient treatment pursuant to A.R.S. § 36–540(B). That section requires that the court be presented with and approve a "written treatment plan." The state concedes that there is no indication from the record that the court had before it a written treatment plan as required. Proceedings to adjudicate a person mentally incompetent must be conducted in strict compliance with the statutory requirements. Failure to do so renders the proceedings void. *In re Burchett*, 23 Ariz. App. 11, 530 P.2d 368 (1975). We also set aside the trial court's order on this additional ground.

The order finding Maxwell gravely disabled and committing her to treatment is vacated. If Maxwell is still undergoing treatment administered by the Arizona State Hospital and the state wishes to file another petition for treatment, it may do so in the jurisdiction where Maxwell is currently residing.

CONTRERAS, P.J., and KLEINSCHMIDT, J., concur.