306 P.3d 78

**In re MH2012–002480.**

**No. 1 CA–MH 12–0077.**

Court of Appeals of Arizona,
Division 1, Department B.

June 27, 2013.

---

William G. Montgomery, Maricopa County Attorney By Anne C. Longo, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Marty Lieberman, Maricopa County Legal Defender By Cynthia D. Beck, Deputy Legal Defender, Phoenix, Attorneys for Appellant.

## OPINION

GOULD, Judge.

¶ 1 This appeal addresses whether two witnesses who testified at an involuntary commitment proceeding qualified as "acquaintance witnesses" pursuant to Arizona Revised Statutes ("A.R.S.") section 36–539(B). Finding that they did, we affirm the superior court's involuntary commitment order.

### Background and Procedural History

¶ 2 In late July 2012, Appellant's doctor filed a petition for court-ordered evaluation alleging that Appellant was persistently or acutely disabled, unwilling to accept voluntary treatment, and "delusional and psychotic" with impaired insight and judgment. On August 13, 2012, another physician filed a petition for court-ordered treatment pursuant to A.R.S. § 36–533,[1] attaching the affidavits of two doctors whose probable diagnoses were "Bipolar Disorder, Manic with Psychotic Features" and "Schizophrenia, Chronic Paranoid Type." Both doctors concluded there was no alternative to involuntary treatment, and both attached memoranda to their affidavits explaining how Appellant was persistently or acutely disabled.

¶ 3 The court held a hearing on the petition on August 20, 2012. Several doctors and lay witnesses testified at the hearing, including Angela H., a former employee of the TERROS Hospital rapid response team, who met with and evaluated Appellant; Eugenia T., a friend of Appellant; and Loren S., Appellant's ex-husband. Based on the evidence presented, the court found that as a result of a mental disorder, Appellant was "persistently and acutely disabled and in need of psychiatric treatment[,]" that she

was "either unwilling or unable to accept voluntary treatment," and that there were "no appropriate and available alternatives to court-ordered treatment." The court ordered Appellant to undergo treatment in a combined inpatient/outpatient treatment program for no longer than 365 days, with a maximum inpatient treatment time of 180 days.

¶ 4 Appellant timely appeals. We have jurisdiction pursuant to A.R.S. §§ 36–546.01 (West 2013) and 12–2101(A)(10)(a) (West 2013).

### Discussion

¶ 5 "Because involuntary treatment proceedings may result in a serious deprivation of the appellant's liberty interests," the statutory requirements must be strictly construed and followed. *In re MH 2001–001139*, 203 Ariz. 351, 353, ¶ 8, 54 P.3d 380, 382 (2002). "We view the facts in the light most favorable to sustaining the trial court's judgment and will not set aside the related findings unless they are clearly erroneous." *In re MH 2008–002596*, 223 Ariz. 32, 35, ¶ 12, 219 P.3d 242, 245 (App.2009). We apply de novo review to matters of statutory interpretation because they involve questions of law. *In re MH 2006–000749*, 214 Ariz. 318, 321, ¶ 13, 152 P.3d 1201, 1204 (App.2007).

¶ 6 Appellant argues the statutory requirement that at least two acquaintance witnesses testify at the hearing was not satisfied. Section 36–539 provides as follows:

The evidence presented by the petitioner or the patient shall include the testimony of *two or more witnesses acquainted with the patient at the time of the alleged mental disorder*, which may be satisfied by a statement agreed on by the parties[.]

(Emphasis added.) The acquaintance witnesses requirement prevents physicians from "rubber stamping" each other's work and gives the court a perspective of the patient based on "informal, day-to-day observation."

---

1. We cite to the current version of the applicable statutes where no changes material to this decision have occurred.

*In re MH 2001–001139*, 203 Ariz. at 355, ¶¶ 24–25, 54 P.3d at 384.

¶ 7 Appellant concedes that Angela H. qualified as one of the required acquaintance witness. However, she argues that neither Eugenia T. nor Loren S. qualified as the other acquaintance witness. Though we may affirm if either witness qualifies as an acquaintance witness, we find that both satisfied the statutory requirements here.

¶ 8 According to Appellant, Eugenia T. did not qualify as an acquaintance witness because she had not spoken with Appellant since 2009. However, Eugenia T. had known Appellant for fifteen years, and she received telephone messages from Appellant approximately five weeks before the hearing. Similarly, Appellant argues that Loren S. did not qualify as an acquaintance witness because he had not seen her in the nine months prior to the hearing. Loren S. did, however, receive several telephone messages from Appellant as recently as two months prior to the hearing.

¶ 9 The core question when analyzing whether a witness may satisfy the statutory "acquaintance" requirement is whether the prospective witness has relevant, personal knowledge of the mental disorder alleged. *In re MH 2008–002596*, 223 Ariz. at 35–37, ¶¶ 12, 15–16, 19, 219 P.3d at 245–47 (holding that a nurse who took a single, fifteen-minute telephone call from the appellant qualified as an acquaintance witness for purposes of the statute). In making this determination, the court applies the same evidentiary principles regarding the admissibility of witness testimony as those applied in other civil proceedings. *Id.*, 223 Ariz. at 36, ¶¶ 15–16, 219 P.3d at 246.

¶ 10 Here, both Eugenia T. and Loren S. testified regarding their personal knowledge of Appellant based on their past relationships with her and on the telephone messages she had left in the weeks and months before the hearing. In addition, their testimony was relevant because it addressed the material issue of whether Appellant, based on her mental disorder, was in need of psychiatric treatment.

¶ 11 Although we have never precisely defined the parameters of the statute's reference to "at the time of the alleged mental disorder," we reject the implicit premise of Appellant's argument that this time period must coincide with the time of treatment for the alleged disorder. As we explained in *In re MH 2008–002596*, the statute does not impose a specific length of time over which the acquaintance witness must have known the patient. The key, as we further explained, is that acquaintance witnesses must have personal and relevant information as to whether the patient is suffering from a mental disorder. 223 Ariz. at 35–37, ¶¶ 12, 15–16, 19, 219 P.3d at 245–47.

¶ 12 Here, the testimony of Eugenia T. and Loren S. was relevant to the allegations in the petition and supported the court's determination that Appellant was suffering from a mental disorder in the weeks and months before her court-ordered treatment. Eugenia T. testified that Appellant had left several phone messages in the months before the hearing. The last message Eugenia T. received from Appellant occurred approximately five weeks before the hearing. The message was very long, and was recorded "in the middle of the night." In the message, Appellant stated that she couldn't talk earlier "because her actions are being monitored," that "the boys of the Russian Mafia had been after her," that her ex-husband and his family were involved in the sex trade in Russia, and that she was going to be "a great science [sic]." Although she had initially said that her home was being monitored, at the end of the message, Appellant said she was "homeless, and needed help." Eugenia T. also explained that every message left by Appellant sounded "very panicked," and that Appellant "sounded completely different than the friend I knew for 15 years."

¶ 13 Loren S. testified that although he had not seen Appellant since 2011, he had received several phone messages from her, one as late as June 2012. He testified that sometimes he had no idea what Appellant's messages were about. For example, Appellant would state that the "police were aware," that "the FBI was involved and looking into this," and she would make references

to the Russian Mafia and fraud. Loren S. further testified that he had tried to obtain mental treatment for Appellant in the past.

¶ 14 Based on these telephone messages and their prior relationships with Appellant, these witnesses were able to provide the court with information about Appellant that went beyond simply summarizing Appellant's telephone messages. Their testimony also demonstrated that they possessed relevant, personal knowledge of Appellant's alleged mental disorder. Accordingly, the superior court properly found that both witnesses qualified as acquaintance witnesses for the purposes of the statute.[2]

¶ 15 In this case, the length of time that passed between the witnesses' previous interactions with Appellant and her telephone messages went to the weight of their testimony, not to whether they were qualified to act as acquaintance witnesses. *See In re MH 862–16–84,* 143 Ariz. 338, 340, 693 P.2d 993, 995 (App.1984) (explaining that "the bias of a witness goes to the weight of the testimony but not to its admissibility"). Accordingly, we find no error.

### Conclusion

¶ 16 For the foregoing reasons, we affirm.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and RANDALL M. HOWE, Judge.

---

**2.** Nothing in the statute requires in-person contact for an individual to qualify as acquaintance witnesses. Indeed, we held to the contrary in a prior case. *See In re MH 2008–002596,* 223 Ariz. at 35–37, ¶¶ 12, 16, 19, 219 P.3d at 245–47.