NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE THE MATTER OF
CHRISTOPHER B.

No. 1 CA-MH 14-0022
FILED 09-18-2014

Appeal from the Superior Court in Mohave County
No. S8015MH201400003
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Mohave County Legal Defender's Office, Kingman
By Ronald S. Gilleo
*Counsel for Appellant*

Mohave County Attorney's Office, Kingman
By Dolores H. Milkie
*Counsel for Appellee*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which
Presiding Judge Jon W. Thompson and Judge Kenton D. Jones joined.

**J O H N S E N**, Judge:

¶1        Patient appeals from the superior court's order committing him to involuntary inpatient and outpatient mental health treatment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Patient suffers from paranoid schizophrenia.[1]  He was taken to a mental health clinic after he threatened to shoot himself and/or kill his mother.  At the clinic, an examining doctor filed a petition for court-ordered evaluation after Patient claimed that "[r]ap stars [were] trying to kill him" and he needed to "save [his] family."

¶3        Patient was evaluated by two physicians who submitted affidavits and a petition for court-ordered treatment.  At the hearing, one examining physician testified Patient suffered from "severe" paranoid delusional thinking, including "significant auditory hallucinations" and the "belief that he is going to be harmed by others or killed."  Such thinking, the physician testified, made Patient feel a "need[] to protect himself" and his family, which made him a danger to himself and others.  In evaluating Patient, the physician had observed that Patient had made "repeated statements about thoughts to harm self and violent ideations to harm others."  The physician testified Patient believed "if he ended his life, that he would protect his family from being harmed."

¶4        The parties stipulated to the admission of the second examining physician's affidavit in lieu of testimony.  Consistent with the first physician's testimony, the second physician concluded that Patient was persistently or acutely disabled, a danger to self and a danger to others.  According to the physician's affidavit, Patient demonstrated "acute symptoms of paranoid psychosis" and was dangerous or disabled due to "[t]he intensity of his fear and need to protect himself and his reported threats to kill himself with a gun."  The physician's affidavit stated Patient was "guarded and suspicious of his surroundings" and the motives of those around him.  Further, he was fixated "on fearful thoughts of harm to come to him," which resulted in "great mental distress."  Moreover, evidence was offered that Patient refused to take medication, had a "complete lack of

---

[1]        On review, we view the facts in the light most favorable to affirming the superior court's judgment.  *In re MH 2008-001188*, 221 Ariz. 177, 179, ¶ 14, 211 P.3d 1161, 1163 (App. 2009).

insight" into his illness, did not understand his need for treatment and had attempted to leave the medical facility on one occasion.

¶5        Based on this evidence, the superior court found Patient was "persistently or acutely disabled," a danger to himself and a danger to others. The court ordered Patient to undergo a combination of inpatient and outpatient mental health treatment not to exceed 365 days. We have jurisdiction of Patient's appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-2101(B) (2014) and 36-546.01 (2014).[2]

## DISCUSSION

¶6        Patient argues there was insufficient evidence to support the conclusion that he was a danger to himself and/or others. This court will not set aside an order for involuntary treatment unless it is "clearly erroneous or unsupported by any credible evidence." *In re MH 94-00592*, 182 Ariz. 440, 443, 897 P.2d 742, 745 (App. 1995) (citation omitted).

¶7        Section 36-501(6) (2014) defines a "danger to self" as:

[B]ehavior that, as a result of a mental disorder:

(i) Constitutes a danger of inflicting serious physical harm on oneself, including attempted suicide or the serious threat thereof, if the threat is such that, when considered in the light of its context and in light of the individual's previous acts, it is substantially supportive of an expectation that the threat will be carried out.

(ii) Without hospitalization will result in serious physical harm or serious illness to the person.

¶8        There was ample evidence to support the superior court's finding by clear and convincing evidence that Patient was a danger to himself. *See Pima County v. Kaplan*, 124 Ariz. 510, 512, 605 P.2d 912, 914 (App. 1980) (persons who are even passively dangerous to themselves may be subject to involuntary treatment). Patient was hospitalized after threatening to kill himself with a gun and there was evidence that he

---

[2]     Absent material revision after the relevant date, we cite a statute's current version.

suffered from an intense fear of approaching harm that caused him to "protect himself" and made him suspicious of his surroundings.

¶9　　　　Sufficient evidence also supported the superior court's finding by clear and convincing evidence that Patient was a "danger to others." An individual may be found a "danger to others" when:

> [T]he judgment of [that] person . . . is so impaired that the person is unable to understand the person's need for treatment and as a result of the person's mental disorder the person's continued behavior can reasonably be expected, on the basis of competent medical opinion, to result in serious physical harm.

A.R.S. § 36-501(5).

¶10　　　　As stated, the court heard evidence that Patient lacked an understanding of his condition and refused treatment. Patient was hospitalized, in part, because he had threatened to kill his mother. This behavior, both physicians stated, was due to his delusions, which would likely persist without treatment and would continue to "cause marked functional impairment to the community." This evidence is sufficient to support the superior court's finding. *See id.*

## CONCLUSION

¶11　　　　For the foregoing reasons, we affirm the superior court's order.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

4