NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE: MH2022-006353

No. 1 CA-MH 22-0092
FILED 5-9-2023

Appeal from the Superior Court in Maricopa County
No. MH2022-006353
The Honorable Nicolas B. Hoskins, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Joseph Branco
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Robert S. Shipman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

¶1        Patient appeals the superior court's order requiring him to involuntarily undergo a combination of inpatient and outpatient mental

health treatment, arguing the court failed to strictly follow the applicable statutes. For the reasons below, we affirm the order for inpatient treatment but vacate the order for outpatient treatment.

## FACTS AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to sustaining the order. *In re MH2011-000914*, 229 Ariz. 312, 314, ¶ 8 (App. 2012).

**¶3** Patient has a history of mental illness; he was previously diagnosed with schizoaffective disorder and involuntarily hospitalized for treatment. In April 2021, he was arrested on murder charges and is now awaiting trial in the Lower Buckeye Jail. While in jail he received forced injections of antipsychotic medication under a prior court order. In the months before that order expired, jail behavioral health technicians observed the Patient often responded to internal stimuli, expressed delusional thoughts, spread feces in his cell, and was hostile toward jail staff. He was placed on suicide watch and considered unable to function in the general population of the jail. He refused oral medication and told technicians that when his court-ordered treatment expired, he would refuse all medication.

**¶4** In August 2022, a psychiatrist petitioned for a court-ordered evaluation of Patient, and the superior court issued a detention order for evaluation and notice. Patient was transported to a medical center, Valleywise, where he was examined by two psychiatrists, Dr. Hadziahmetovic and Dr. Sood. After the evaluations, Patient was then transported back to the Lower Buckeye Jail. Both doctors reported that Patient suffers from schizoaffective disorder, signs of psychosis, and refuses needed medications.

**¶5** Dr. Hadziahmetovic then petitioned for court-ordered treatment of Patient. The petition included both his and Dr. Sood's signed affidavits reporting their findings that Patient is "persistently and acutely disabled" because of a mental disorder, would not accept voluntary treatment, and required court-ordered treatment.

**¶6** Patient moved to dismiss the petition, arguing that he could not be treated at an inpatient facility and an appropriate outpatient treatment plan could not issue because he would remain in jail throughout

the court order.[1]  The superior court denied the motion, finding Patient's claims that he would remain in jail during the duration of the court order speculative.

¶7          In September 2022, the superior court held a hearing on the petition.  The parties stipulated that Patient was brought to Valleywise "for purposes of the evaluation, he was no[t] admitted on an inpatient basis at that time," and he would remain in jail because Valleywise did "not intend to admit him" due to security concerns.  The parties stipulated to the admission of the affidavits of Dr. Hadziahmetovic and Dr. Sood and over Patient's objection, based on his motion to dismiss, the court admitted an outpatient treatment plan.  Three Lower Buckeye Jail behavioral health technicians testified for the State as to their observations of Patient's behavior and symptoms.  The medical director of the proposed outpatient treatment provider for Patient, La Frontera, testified for Patient.   He explained that providers from La Frontera would not go to the jail to administer treatment to Patient under the outpatient treatment plan.

¶8          The superior court found that the State had established by clear and convincing evidence that "Patient is suffering from a mental disorder, and as a result, is persistently or acutely disabled, in need of treatment and is either unwilling or unable to accept voluntary treatment." The court ordered Patient to undergo combined inpatient and outpatient treatment, finding this was the appropriate level of treatment.

¶9          Patient timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 36-546.01.

## DISCUSSION

¶10          We review de novo the interpretation and application of statutes. *In re M.H. 2007-001236*, 220 Ariz. 160, 165, ¶ 15 (App. 2008).  "Our task in statutory construction is to effectuate the text if it is clear and unambiguous." *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018).   Because involuntary mental health treatment implicates

---

[1]  Patient also argued that the court needed to comply with *Sell v. United States*, 539 U.S. 166, 180-81 (2003), before it could order forced medication and he requested that if the court ordered outpatient treatment, it issue an injunction preventing any jail provider from administering treatment.  The court rejected these arguments and Patient does not re-urge them on appeal, meaning he has abandoned and waived them. *See State v. Carver*, 160 Ariz. 167, 175 (1989).

significant liberty interests, "the statutory requirements must be strictly construed and followed." *In re MH2012-002480*, 232 Ariz. 421, 422, ¶ 5 (App. 2013) (citation omitted). If the statutory requirements are not strictly followed, we must vacate the treatment order. *See In re Maxwell*, 146 Ariz. 27, 30 (App. 1985).

## I.    Inpatient Treatment Order

**¶11**        Patient argues the superior court's order that he involuntarily undergo inpatient treatment must be vacated because the court failed to strictly comply with A.R.S. § 36-540. The State argues that Patient has not sufficiently developed his argument and has thus waived it. But Patient specifically argued that because he would not be treated in one of the allowed inpatient facilities under A.R.S. § 36-540(A)(3), the court did not strictly comply with the statute. He has sufficiently developed the argument.

**¶12**        Under A.R.S. § 36-540(A), if the court finds "the proposed patient, as a result of a mental disorder . . . has a persistent or acute disability . . . and is in need of treatment, and is either unwilling or able to accept voluntary treatment, the court shall order the patient to undergo" either inpatient treatment, outpatient treatment or a combination of the two. If the patient is to undergo inpatient treatment, it must be, as applicable here, in "a mental health treatment agency," or a private hospital if the hospital agrees. A.R.S. § 36-540(A)(3). A "mental health treatment agency" is "the state hospital or a health care agency that is licensed by the department" of health services. A.R.S. § 36-501(28).

**¶13**        At the hearing the parties stipulated, and the superior court accepted, that at the time the court ordered treatment, Patient would not be admitted to Valleywise, an appropriate mental health treatment agency under A.R.S. § 36-540(A)(3), but would remain at the Lower Buckeye Jail. Patient claims that therefore "no evidence" demonstrated he would receive inpatient treatment at an approved mental health treatment agency, and the court improperly relied on "speculation" of future admission to an appropriate facility when ordering Patient to undergo inpatient treatment.

**¶14**        True, at the time the court ordered inpatient treatment, patient was to remain in the Lower Buckeye Jail, which is not a "mental health treatment agency" under A.R.S. § 36-540(A)(3). But the superior court did not order Patient to receive inpatient treatment in jail. It ordered Patient to be treated "in a local mental health treatment agency." Though Valleywise would not admit Patient at the time of the court order based on

security concerns, Valleywise may accept Patient if circumstances change, or he could be admitted at a different facility.

¶15        Patient's lack of immediate placement at the time of the hearing did not prevent the court from ordering inpatient treatment because upon finding a patient has a persistent or acute disability because of a mental disorder, needs treatment, and will not voluntarily accept treatment, the court must order some level of treatment.  *See* A.R.S. § 36-540(A) ("[T]he court *shall* order the patient to undergo one of the following . . . ." (emphasis added)).  Here, the court made the requisite findings to order inpatient treatment, and Patient does not dispute these findings and they are supported by the record.  The court thus strictly followed A.R.S. § 36-540(A) and properly ordered inpatient treatment.

## II.        Outpatient Treatment Order

¶16        Patient also argues the superior court's order that he involuntarily undergo outpatient treatment must be vacated because the outpatient treatment plan lacked the information required by A.R.S. § 36-540.01(B).

¶17        The State claims Patient waived this argument because he failed to raise it in superior court.  In his motion to dismiss, Patient argued the court could not order outpatient treatment due to the "lack of an appropriate outpatient treatment plan."  Citing A.R.S. § 36-540.01(B), he argued the plan was "not rooted in [] reality" because the provider, La Frontera, would not treat Patient in the community and he would instead be treated by jail providers.  Though Patient did not specifically argue that the outpatient treatment plan lacked the information required by A.R.S. § 36-540.01(B), he sufficiently challenged the plan's validity under the statute putting the issue before the superior court and avoiding waiver.

¶18        Section 36-540.01(B) requires an outpatient treatment order to include a written treatment plan "prepared by staff familiar with the patient's case history and approved by the medical director" that includes:

  (1) A statement of the patient's requirements, if any, for supervision, medication and assistance in obtaining basic needs such as employment, food, clothing or shelter.

  (2) The address of the residence where the patient is to live and the name of the person in charge of the residence, if any.

(3) The name and address of any person, agency or organization assigned to supervise an outpatient treatment plan or care for the patient, and the extent of authority of the person, agency or organization in carrying out the terms of the plan.

(4) The conditions for continued outpatient treatment, which may require periodic reporting, continuation of medication and submission to testing, and may restrict travel, consumption of spirituous liquor and drugs, associations with others and incurrence of debts and obligations or such other reasonable conditions as the medical director may specify.

(5) Any other provisions that the medical director or the court believes are necessary to protect the well-being of the patient and the public.

¶19        The outpatient treatment plan provided by La Frontera included the "conditions for continued outpatient treatment," listing five conditions that Patient needed to follow. *See* A.R.S. § 36-540.01(B)(4). But the plan failed to meet any other requirement of A.R.S. § 36-540.01(B).

¶20        First, the plan failed to include a statement of Patient's requirements for medication. *See* A.R.S. § 36-540.01(B)(1). The phrase "if any" does not render this requirement an "optional consideration[] for staff and the medical director" as the State argues. The statute requires the plan to include the patient's medication requirements if he has any. A statement need not be included only if the patient does not have medication requirements. Here, Patient has medication requirements. Over the past year, courts ordered he receive injections of antipsychotic medications. And the petitions for court-ordered evaluation and treatment indicated that he had a continued need for these medications. The plan was therefore required to include a statement of these needs. Though the plan included a statement that "[m]edications included in the ADHS SMI formulary" were a service available to Patient, it did not address Patient's medication requirements.

¶21        Second, the plan failed to include the address where Patient would live. *See* A.R.S. § 36-540.01(B)(2). The plan stated Patient was recommended for "Independent Living-TBD." This fails to sufficiently state Patient's address. It is true that if Patient is released from jail into the community, Patient would not have a known address to list. And as the

6

State correctly points out, the statute requires the plan to list the patient's address only if the patient has one. Where a patient does not have an address because of a lack of housing, the plan need not include an address. But here, Patient is housed in the Lower Buckeye Jail and the jail's address was listed as Patient's address in the petition for evaluation in this case. At the time the plan was entered, Patient was living in jail for the foreseeable future. The jail address was thus the "address where the patient is to live" and the outpatient treatment plan had to include it. *See* A.R.S. § 36-540.01(B)(2).

¶22        Third, the plan failed to include the name and address of all persons, agencies or organizations assigned to care for Patient. *See* A.R.S. § 36-540.01(B)(3). Though the plan listed La Frontera as the "person, agency, or organization" assigned to implement the ordered treatment, La Frontera's letter of intent to treat Patient expressly contemplated that Patient would be cared for by the Lower Buckeye Jail providers, stating La Frontera would "collaborate with the jail prescribers" to share "essential clinical information" and be "routinely involved" with the "jail providers of care." Thus, jail providers were to care for Patient, but the plan did not include the names and addresses of such providers.

¶23        Because the outpatient treatment plan did not contain statutorily required information, it did not strictly comply with A.R.S. § 36-540.01(B), and the outpatient treatment order must be vacated. *See Maxwell*, 146 Ariz. at 30.

## CONCLUSION

¶24        We vacate the outpatient treatment portion of the superior court's order for failure to strictly comply with A.R.S. § 36-540.01(B) but affirm the inpatient treatment order.



AMY M. WOOD • Clerk of the Court
FILED:        AA