NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE: MH2024-004594

No. 1 CA-MH 24-0111
FILED 01-21-2025

---

Appeal from the Superior Court in Maricopa County
No. MH2024-004594
The Honorable Thomas A. Kaipio, Judge, *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

**F U R U Y A**, Judge:

**¶1**  Mental health patient M.D. appeals the superior court's order imposing mandatory inpatient mental health treatment upon him. We affirm the treatment order.

### FACTS AND PROCEDURAL HISTORY

**¶2**  M.D. has a long history of treatment for mental illness. He left his most recent group home after he stopped taking his medications and threatened others in the home. M.D.'s most recent court-ordered treatment plan had lapsed.

**¶3**  The present application for involuntary evaluation noted M.D.'s medical history and current unmedicated state, unsafe behavior in previous treatment centers and at the recent placement, and his expressions of desire to harm others. The court ordered M.D. be detained and evaluated on the same day the petition was filed.

**¶4**  The next day, a physician completed M.D.'s first statutory evaluation, finding M.D. had a persistent or acute disability, characterized as schizoaffective disorder, bipolar type. The physician recommended court-ordered treatment again because M.D. was unable or unwilling to care for himself. A second physician conducted an independent statutory evaluation of M.D. with similar findings, including a characterization of M.D. as a danger to others. Two days after these evaluations, the court set a hearing, which included both doctors' affidavits and a social worker's treatment plan.

**¶5**  The day before the hearing on the petition for court ordered treatment, a case manager with Copa Health—the organization coordinating M.D.'s on-going mental health treatment—met M.D. and observed a meeting M.D. had with a social worker. Though the case manager was present in the room during the interview with M.D., she did not directly ask M.D. any questions. This interview was the case manager's first and only direct observation of M.D. before the hearing. The next day, the case manager testified as an acquaintance witness, together with M.D.'s

daughter. She testified about M.D.'s threats and aggressive behavior and her observation of statements made by M.D. to the effect that he heard voices from a "divine master" that encouraged him to take risks and that his family are "mafia-driven and are out to get him."

¶6　　　　The case manager does not treat patients. Instead, she assists clients, like M.D., by making referrals, making appointments, finding transportation, and helping clients adhere to treatment schedules. The case manager was asked by her supervisor—a social worker with Copa Health—to attend the social worker's interview with M.D. for the purpose of functioning as a witness for the petition hearing.

¶7　　　　M.D. moved to dismiss, arguing that because of the case manager's work with the social worker and limited interaction with M.D., she did not qualify under Arizona Revised Statutes ("A.R.S.") § 36-539 as an acquaintance witness. The court denied the motion, finding the case manager could act as an acquaintance witness, and subsequently found that M.D. has a mental illness rendering him persistently or acutely disabled and ordering him to undergo court-ordered treatment.

¶8　　　　M.D. timely appealed. We have jurisdiction pursuant to A.R.S. § 36-546.01 and § 12-2101(A)(10).

## DISCUSSION

¶9　　　　"We review issues of statutory interpretation de novo, but we view the facts in the light most favorable to upholding the superior court's judgment and will not set aside its findings unless clearly erroneous." *In re MH2020-004882*, 251 Ariz. 584, 586 ¶ 12 (App. 2021), *as amended* (July 20, 2021). Our supreme court has recently rejected use of a "strict compliance" requirement to reviewing fulfillment of statutes in the mental health context. *In re Pima Cnty. Mental Health No. 20200860221*, 255 Ariz. 519, 524 ¶ 11 (2023). Instead, "the requirement is simply complete compliance with each statute's requirements, even when that compliance is technically different from what the statute requires." *Id.*

¶10　　　　On a petition for court-ordered involuntary mental health treatment, the court is required to hear testimony from at least four witnesses. A.R.S. § 36-539(B). Two must be evaluators and two must be acquaintance witnesses. *Id.* An acquaintance witness is someone "acquainted with the patient at the time of the alleged mental disorder." *Id.*

¶11　　　　Here, the sole error assigned on appeal is that the case manager allegedly did not qualify as an acquaintance witness because (1)

as a case manager associated with a social worker, she was a member of M.D.'s evaluation team; and (2) she was not sufficiently acquainted with M.D. because she only observed him once during one interview for the purpose of acting as an acquaintance witness and did not herself ask M.D. any questions.

¶12        We hold that the case manager was not a member of the evaluation team. Further, the case manager's personal observations of M.D. qualified her to serve as an acquaintance witness. Therefore, we affirm.

**I.        The Case Manager Is Not a Member of the Evaluation Team.**

¶13        As M.D. observes, "acquaintance witnesses may not include those who have participated in the psychological evaluation of the patient for commitment purposes." *Matter of Commitment of Alleged Mentally Disordered Pers.*, 181 Ariz. 290, 293 (1995). The psychological evaluation referenced in the *Matter of Commitment* case is the statutory evaluation required by A.R.S. § 36-533(B) and conducted by licensed and experienced mental health service providers, as those are defined by A.R.S. § 36-501(13).

¶14        Here, M.D. argues that because the case manager was asked by a social worker—the case manager's supervisor—to observe M.D. during the social worker's interview, the case manager was *ipso facto* part of the social worker's "evaluation team." He further argues that allowing the case manager to testify is an "end-run" around the prohibition on professional evaluators testifying as acquaintance witnesses. We disagree.

¶15        We agree with appellee that the case manager was not a qualifying mental health provider. *See* A.R.S. § 36-501(13). The case manager could not herself conduct any statutory evaluation of M.D. that would disqualify her from acting as an acquaintance witness. We further agree with appellee that M.D. has failed to present any evidence that the interview conducted by Copa Health's social worker—at which the case manager observed M.D.—was a statutory evaluation pursuant to A.R.S. §§ 36-533(B) and -539(B). It is only participation in these statutory evaluations that disqualifies one from serving as an acquaintance witness. *See Matter of Commitment*, 181 Ariz. at 293 ("[A]cquaintance witnesses may not include those who have participated in the psychological *evaluation* of the patient *for commitment purposes*." (emphasis added)).

¶16        Nor does this record contain any evidence that the case manager participated in any evaluation of M.D., such as to disqualify her from serving as an acquaintance witness. Though present during the social worker's interview of M.D., no evidence suggests that the case manager

consulted with, advised, or even scribed for the social worker during the relevant interview. She did not diagnose M.D. or opine on any course of treatment for M.D. In fact, she did not directly speak with M.D. at all. To the contrary, the record establishes that the express purpose of the case manager's involvement was to observe M.D. in the capacity as an acquaintance witness.

¶17　　　　The case manager's employment in common with a social worker and presence during that social worker's interview of M.D., without more, is insufficient to disqualify her from serving as an acquaintance witness. *See In re Maricopa Cnty. Super. Ct. No. MH 2001-001139*, 203 Ariz. 351, 352, 355 ¶¶ 2, 23 (App. 2002) (holding it was not error for the court to permit hospital nurses who observed patient while he was being detained for evaluation to testify as acquaintance witnesses because they were not part of the "statutory evaluation team" or the "formal evaluation process" per Section 36-501(11)). Because the case manager was not a statutory evaluator, nor part of the evaluation team, nor a participant in M.D.'s statutory evaluations, she is not disqualified from serving as an acquaintance witness.

## II.　　The Case Manager Was Sufficiently Acquainted with M.D. to Act as an Acquaintance Witness.

¶18　　　　An acquaintance witness must have relevant, personal knowledge of the alleged mental disorder. *In re MH 2012-002480,* 232 Ariz. 421, 423 ¶ 9 (App. 2013). A witness to an evaluation who does not speak with the patient himself may still be considered acquainted enough with the patient to have some personal knowledge of the patient's mental disorder. *See In re MH 2008-002596,* 223 Ariz. 32, 36 ¶ 17 (App. 2009) ("The statute does not impose a specific length of time over which the acquaintance or familiarity with the patient must take place or the manner in which the witness's familiarity with the patient must be acquired.").

¶19　　　　Here, M.D. argues that because the case manager did not have "informal, day-to-day information about [M.D.'s] mental state" and did not ask M.D. questions, she was not a qualified acquaintance witness. But the case manager's limited exposure to M.D. did not prevent her from having relevant and personal knowledge. *Id.*

¶20　　　　The case manager, as an untrained observer with first-hand observation of M.D.'s behavior, could competently testify as an acquaintance witness with a different perspective than those evaluating M.D. *See In re MH 2001-001139,* 203 Ariz. at 354–55 ¶ 19–24. Indeed, the

record establishes that the case manager gave personal and relevant knowledge of M.D.'s hostile behavior and paranoid claims that are consistent with the testimony expected of an acquaintance witness. Given the minimal requirements for her role, we conclude that the case manager was sufficiently acquainted with M.D. to serve as an acquaintance witness, despite her admittedly limited exposure. *In re MH 2008-002596*, 223 Ariz. at 36 ¶ 17.

## CONCLUSION

¶21      We affirm.

