NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MH2024-008892

No. 1 CA-MH 24-0209
FILED 4-28-2026

Appeal from the Superior Court in Maricopa County
No. MH2024-008892
The Honorable Elisa C. Donnadieu, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Appellee*

Office of the Legal Defender, Phoenix
By Robert Shipman, Lindsay Ficklin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

**P E R K I N S**, Judge:

¶1        Bowery B. ("Patient") challenges the superior court's order finding him persistently or acutely disabled and directing him to undergo involuntary mental health treatment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In September 2024, a psychiatric nurse practitioner filed an application for an involuntary mental health evaluation ("Application") of Patient. The superior court ordered Patient detained and evaluated. Two doctors evaluated Patient, diagnosed him with a mental health disorder, and recommended involuntary psychiatric treatment. One of the doctors petitioned for court-ordered treatment, attaching an affidavit and a psychiatric evaluation report from himself and the other doctor who evaluated Patient. The court ordered that Patient be detained, appointed counsel to represent him, and set a hearing on the petition for court-ordered treatment.

¶3        At the hearing, Patient stipulated to the admission of the doctors' affidavits and evaluation reports. The State called two acquaintance witnesses. One of them was a licensed counselor who evaluated Patient at a rehabilitation center before the Application was filed. They met only once, for approximately 40 minutes, and did not maintain any relationship afterwards.

¶4        On October 8, 2024, the court granted the petition and ordered Patient to undergo involuntary mental health treatment "for a period time of not to exceed a total of 365 days." Patient timely appealed, and we have jurisdiction. A.R.S. §§ 12-2101(A)(1), 36-546.01.

## DISCUSSION

¶5        We recognize this appeal is now moot because the treatment order has since expired. While appellate courts generally do not consider moot questions, *Slade v. Schneider*, 212 Ariz. 176, 179, ¶ 15 (App. 2006), we may choose to do so at our discretion when the order at issue will continue to have collateral consequences for any of the parties, *Cardoso v. Soldo*, 230 Ariz. 614, 617–18, ¶ 9 (2012). We will consider the merits of this appeal because of the potential impact the involuntary treatment order may have on Patient's future interests. *See In re MH2007-001236*, 220 Ariz. 160, 165, ¶ 12 n.3 (App. 2008) (deciding the merits of the appeal from an expired involuntary treatment order because of the patient's interests at stake as a result of having that order on her record).

**¶6**　　　　To prevail on a petition for court-ordered treatment, the petitioner must provide: (1) testimony from "two or more witnesses[] acquainted with the patient at the time of the alleged mental disorder" ("acquaintance witnesses"), and (2) testimony or affidavits from the two physicians or other healthcare professionals who evaluated the patient. A.R.S. § 36-539(B) (2024).

**¶7**　　　　We note that on March 31, 2025, while this appeal was pending, the legislature amended Arizona Revised Statutes Section 36-539(B), adding the following bolded language:

> The evidence presented by the petitioner or the patient shall include the testimony of two or more witnesses, **regardless of the witnesses' professional licensure, if any, who observed or were** acquainted with the patient at the time of the alleged mental disorder **before the submission of the current application for evaluation pursuant to [Section] 36-520 or, if after the submission of the current application, who were not formal participants in the evaluation process.**

2025 Ariz. Sess. Laws ch. 20 § 1 (1st Reg. Sess.) (emphasis added). But this change has no bearing on this appeal because the version of the statute in effect at the time of the involuntary commitment hearing applies. *See e.g.*, *In re MH2023-004502*, __ Ariz. __, __, ¶¶ 13–14, 583 P.3d 744, 748 (2026) (applying the version of Section 36-539(B) in effect at the time of the involuntary commitment hearing).

**¶8**　　　　The only issue Patient raises on appeal is whether the licensed counselor qualified as an acquaintance witness. Patient argues that the counselor could not testify as an acquaintance witness because she evaluated him as part of the commitment process. Patient also argues that the counselor did not qualify because she only met him in the context of a medical evaluation and thus "[her] testimony could not offer a separate and distinct perspective than the evaluating doctors' affidavits." The State counters that the counselor could testify as an acquaintance witness because she evaluated Patient outside of the statutory evaluation process—before that process had begun.

**¶9**　　　　We stayed this appeal pending a decision in *In re MH2023-004502* because that appeal addressed the same issue: whether a health professional can testify as an acquaintance witness based on her evaluation of the patient before the Application was filed.

**¶10** In *MH2023-004502*, a behavioral health professional evaluated a patient at a hospital then, based on that assessment, applied for an involuntary evaluation of the patient under Section 36-520. __ Ariz. at __, ¶ 6–7, 583 P.3d at 747. This Court held that the behavioral health professional improperly testified as an acquaintance witness because her only contact with the patient—an evaluation that led to the initiation of the commitment process—was functionally part of the commitment process. *In re MH2023-004502*, 258 Ariz. 556, 561, ¶¶ 17, 19 (App. 2024) (citing *In re Coconino Cnty. No. MH 1425*, 181 Ariz. 290, 292 (1995) ("[N]o person whose primary contact with the patient was to examine the patient during his or her commitment evaluation process may testify at the hearing as one of the required acquaintance witnesses.")). But our supreme court reversed, clarifying that only evaluations pursuant to Section 36-533 are part of the commitment process, and therefore, only health professionals who perform those specific evaluations may not testify as acquaintance witnesses. *MH2023-004502*, __ Ariz. at __, ¶ 14, 583 P.3d at 748.

**¶11** Accordingly, in Patient's supplemental brief, he withdrew his argument that the counselor's evaluation in this case was part of the commitment process. Instead, Patient maintains that the counselor was not qualified because Section 36-539(B) requires acquaintance witnesses to provide a perspective that is distinct from a medical evaluation. Otherwise, requiring two categories of testimony would be meaningless. Patient argues that acquaintance witnesses must provide information about a patient's "informal, day-to-day behaviors" when they are not being scrutinized by a health professional. This argument fails because it "reads requirements into the statute that do not exist in its plain language." *In re MH 2008-002596*, 223 Ariz. 32, 35, ¶ 13 (App. 2009).

**¶12** Patient relies heavily on *MH 1425*, which noted that the legislature intended for acquaintance witnesses to provide a perspective of how patients behave "in situations other than *commitment evaluation interviews*." *MH 1425*, 181 Ariz. at 292 (emphasis added). But the Court clarified that it did "not mean to suggest that medical personnel who are not part of the evaluation process become ineligible to testify as acquaintance witnesses merely because of their expertise." *Id.* at 293. Only medical personnel who "participated in the psychological evaluation of the patient for commitment purposes," may not serve as acquaintance witnesses. *Id.*

**¶13** Section 36-539(B) does not set a specific length of time or particular "manner in which the witness's familiarity with the patient must be acquired." *MH2008-002596*, 223 Ariz. at 26, ¶ 17. Section 36-539(B) only

requires that the witness has personal knowledge of the patient at the time of his or her alleged mental disorder. *In re MH2012-002480*, 232 Ariz. 421, 423, ¶ 9 (App. 2013). Even testimony based on limited interactions with patients will be upheld. *See e.g.*, *MH2008-002596*, 223 Ariz. at 36–37, ¶ 19 (acquaintance witness qualified to testify based on a single 15-minute phone call with patient). Because the counselor had personal knowledge of Patient's mental disorder, and her evaluation preceded the commitment process, she was qualified to testify as an acquaintance witness.

**CONCLUSION**

¶14  We affirm.

